IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Agnes Groeper, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 7967 |
| Frederick J. Hanna & Associates, P.C., a Georgia professional corporation, and Chase Bank USA, N.A., | ) ) ) ) ) |
| Defendants. | ) Jury Demanded |

### COMPLAINT

Plaintiff, Agnes Groeper, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and were an act of consumer fraud and breach of contract, and to recover damages for Defendants' violations of the law, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331, over the FDCPA claim, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the consumer fraud and breach of contract claims.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) one Defendant resides here and both Defendants transact business here.

### PARTIES

3. Plaintiff, Agnes Groeper ("Groeper"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that was

allegedly owed for a Chase Bank credit card, despite the fact that she was represented counsel and had settled the debt.

4. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. From its offices in Georgia, Defendant Hanna operates a nationwide collection law firm that sends collection letters to virtually every State, including to thousands of consumers in the State of Illinois.

6. Defendant Chase Bank USA, N.A., is a national banking association that has operations and offices throughout Illinois, as well as nationwide.

**FACTUAL ALLEGATIONS**

7. Ms. Groeper fell behind on paying her bills, including a bill for a Chase Bank credit card. When Defendant Chase began trying to collect this debt from her, on February 9, 2010, she worked out a settlement with Chase whereby the debt would be settled and compromised for a payment of $9,605 on or before March 1, 2010. See, February 9, 2010, letter from Chase to Ms. Groeper attached as Exhibit A.

8. Via a check dated February 19, 2010, which was sent overnight to Chase via Federal Express that day, Ms. Groeper paid the settlement amount. See, FedEx US Airbill and check, attached as Group Exhibit B.

9. Nonetheless, on June 15, 2010, Defendant Chase wrongfully sued Ms.

2

Groeper in small claims court, in matter styled Chase Bank USA v. Agnes T. Groeper, No. 10-M1-154225 (Circuit Court of Cook County, Illinois)(the "Small Claims Lawsuit"), to try and collect an alleged balance due on the account. A copy of the complaint in the Small Claims Lawsuit is attached as Exhibit C.

10. Accordingly, Ms. Groeper was forced to hire an attorney to defend her from the Small Claims Lawsuit, and on June 29, 2010, July 23, 2010 and July 27, 2010, Ms. Groeper's attorney had to repeatedly remind Defendant Chase, in writing and via the telephone, that the debt at issue had been compromised and settled, and had to demand that it dismiss its wrongfully filed complaint in the Small Claims Lawsuit. See June 29, 2010 and July 27, 2010, correspondence attached as group Exhibit D.

11. Nonetheless, Defendant Chase did not dismiss its lawsuit until September 21, 2010. A copy of the dismissal order in the Small Claims Lawsuit is attached as Exhibit E.

12. Incredibly, Defendant Chase then had Defendant Hanna send Ms. Groeper a collection letter, dated November 8, 2010, demanding payment of an alleged balance owed on the compromised and settled Chase Bank account. A copy of this collection letter is attached as Exhibit F.

13. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letters from Ms. Groeper's attorney told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or should have known, that Ms. Groeper was represented by counsel in connection with her debts because her attorney had informed Defendants, in writing (Group Exhibit D), that she was represented by counsel, and had

4

directed Defendants to cease directly communicating with her. By directly sending Ms. Groeper a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

23. Plaintiff adopts and realleges ¶¶ 1-14.

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

25. Demanding payment of a debt that is no longer directly owed, due to it having been settled and compromised, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

26. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation of the Illinois Consumer Fraud
### and Deceptive Business Practices Act 815 ILCS 505/2

27. Plaintiff adopts and realleges ¶¶ 1-14.

28. The Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA") prohibits a person from making false or misleading misrepresentations or omissions. The CFA also prohibits unfair business practices.

29. Defendant Chase falsely represented to Plaintiff that it would settle the account at issue, she settled it and then Defendants falsely claimed that Plaintiff still owed money on that account -- wrongfully suing her and sending her a collection letter.

30. Defendants' collection actions are oppressive and against public policy.

31. Defendants are liable for Plaintiff's attorneys' fees incurred in defending their collection actions.

32. Defendants are liable for attorneys' fees and costs under the CFA.

33. Defendants' intentional and reckless conduct also renders them liable for actual and punitive damages.

## COUNT V
## Breach Of contract

34. Plaintiff adopts and realleges ¶¶ 1-14.

35. Defendant Chase offered to settle and compromise Plaintiff's alleged debt for a payment of $9,605 made by March 1, 2010.

36. Plaintiff accepted that offer and performed on it by making the payment well before the deadline.

37. Defendant Chase accepted Plaintiff's payment.

38. Defendant Chase then breached that agreement by wrongfully suing Plaintiff in the Small Claims Lawsuit.

39. Defendant Chase and Defendant Hanna then further breached that agreement by sending Plaintiff a collection letter.

6

40. Plaintiff was damaged by this breach of contract in that she had to hire attorneys to defend her and because her credit has likely been damaged by Defendants' actions.

41. Defendants' breach of contract renders them liable for all actual damages that Plaintiff has suffered as a result of their breach of contract.

## PRAYER FOR RELIEF

Plaintiff, Agnes Groeper, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA, were an act of consumer fraud and a breach of contract;

2. Enter judgment in favor of Plaintiff Groeper, and against Defendants for actual, statutory and punitive damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Agnes Groeper, demands trial by jury.

    Agnes Groeper,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: December 15, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com